[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10104

_____

D.C. Docket No. 3:18-cr-00070-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARAM MUZAHEM,
a.k.a. David Haskim,
a.k.a. Joe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 26, 2021)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Karam Muzahem appeals his 60-month sentence for conspiracy to distribute and possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  He argues that the district court erred by applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining his convenience store for the purpose of distributing marijuana.  Having carefully reviewed the matter and with the benefit of oral argument, we conclude that the district court erred by misstating the law and, in doing so, misapplied the Sentencing Guidelines to the facts of this case. We therefore vacate Muzahem's sentence and remand for resentencing.

## BACKGROUND

According to his presentence investigation report (PSR), Muzahem purchased, received, and distributed over 50 kilograms of marijuana.  The marijuana was shipped from California to various locations Muzahem controlled, including his business, the Chicago Store and Deli (the store).  Muzahem received 13 marijuana packages at the store, each weighing between 9 and 21 pounds. These shipments were made on 11 days between October 14, 2016 and December 6, 2016.  In the PSR, Probation recommended applying a two-level sentence enhancement under § 2D1.1(b)(12) for maintaining the store for the purpose of drug distribution.

2

Muzahem objected to the sentence enhancement, arguing that his use of the store was incidental or collateral. Specifically, Muzahem asserted that in the time he owned the store—he purchased it in 2015—its primary and only purpose was to sell food and lawful products. Conversely, the government asserted that the enhancement was warranted because Muzahem accepted and distributed marijuana at the store, he (and a co-conspirator) stored drug proceeds there, he sold products containing Tetrahydrocannabinol (THC) there, and he had the store's employees accept packages and deposit drug proceeds for him.

At trial, the district court overruled Muzahem's objection and made the following findings:

> [T]he evidence shows that the Chicago Store was the business office of this particular business, like it was other businesses. **It's not unusual for a premises to be used collaterally for the drugs at the same time it's used for other purposes.** The most common is somebody's residence that they use as the premises. That's what I get in most cases. But it's often a business that's a legitimate business that also serves the same function.
>
> **So the fact that it's used for other purposes is really not unusual. It's almost the common element.** The fact that it apparently was used more often earlier than it was later for deliveries is of significance, but it's not determinative because it was frequent [sic] use by people. And employees from the business were involved in taking deliveries.
>
> The center of that organization was the store. And I think no matter how you look at it, if you consider the factors that the Sentencing Commission has in the Application Note 17, certainly the defendant owned the premises, he controlled who had activities, who had access, and everything that went on at the premises. And in terms of frequency, it was used by the defendant repeatedly for drug-related activity. So I

3

think altogether that has to say it triggers the application of this adjustment.

(emphasis added).

## DISCUSSION

We review a district court's sentencing decision for abuse of discretion. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). Abuse of discretion can occur if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). Even still, "the degree of deference that is due varies with the type of procedural error alleged." *United States v. Ellisor,* 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). "[W]e review *de novo* the district court's interpretation of the Guidelines and its application of the Guidelines to the facts." *See Barrington*, 648 F.3d at 1194–95.

The Guidelines instruct courts to apply a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). The enhancement is properly applied to "a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." *Id.* at § 2D1.1, cmt. 17.

4

Importantly, "[m]anufacturing or distributing" illegal drugs does not need to be the only purpose for which the premises was maintained, but it "must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." *Id.* To make this determination, courts should consider "how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes." *Id.*

Here, the district court found that Muzhaem's use of the store was collateral. And believing that collateral usage was not "unusual" in these circumstances, the district court applied the enhancement to Muzahem. But a plain reading of § 2D1.1(b)(12)'s commentary compels us to conclude that the district court erred by both misstating and misapplying the law. To properly support the § 2D1.1(b)(12) enhancement on the basis that Muzahem maintained a premises for the purpose of drug distribution, the district court must determine that one of the primary or principal uses of the store was for drug distribution, rather than the drug distribution being an incidental or collateral use. *See id.* Since it did not, we vacate Muzahem's sentence and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**